

# The Attorney General of Texas

March 24, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-314

Re: Clarification of Attorney General Opinion MW-290 with respect to encumbrance for rental payments on Center Pavilion Hospital Project

Dear Mr. Driscoll:

You ask three questions seeking clarification of Attorney General Opinion MW-290 (1981). That opinion concluded that Harris County could spend bond proceeds and other county funds to improve the Center Pavilion Hospital building which the county had leased. We also answered several questions regarding the county auditor's responsibility with respect to financial transactions arising from the lease, for example, payment of rent. You ask for clarification of the following sentences in Attorney General Opinion MW-290:

> Section 3 of the lease agreement provides that the leasehold estate shall commence as of the date of the execution of the lease. The encumbrance for <u>any</u> rent payment should be set up as of that date. (Your emphasis).

You inform us that no rent was due in 1980, and that annual rentals in varying amounts are due, subject to the year-by-year budget appropriation by the commissioners court in 1981 and the following years. The total rent due over the life of the lease has been estimated to be $29,592,100.

You first ask:

> 1. Is the opinion to be interpreted to mean that the rent payment encumbrance is to be (a) the amount of the year-by-year appropriation budgeted by [the] commissioners court (estimated to be approximately $1,400,000); or (b) the entire rental for the lease life (approximately $29,592,100)?

The rent payment encumbrance is the amount of the year-by-year appropriation budgeted by the commissioners court. Clearly, with a year-to-year lease such as that executed by Harris County and the Harris County Hospital Authority, an encumbrance for the entire rental for the projected lease life is inappropriate. The commissioners court may withdraw from the lease at the end of any fiscal year by failing to appropriate.

You next ask:

> 2. For the year 1980, when no rent was payable, should the encumbrance, which will be carried forward, be zero or $29,592,100?

For the year 1980, when no rent was payable, the encumbrance would be zero.

You finally ask:

> 3. For the year 1981, the first year of the rental payment liability, should the encumbrance be approximately $1,379,500 (the first year's estimated rental) or $29,592,100? If the first amount ($1,379,500), should a similar scheduled annual basic rental amount be freshly encumbered year-by-year, pursuant to appropriation of [the] commissioners court? If the latter amount, the unexpended portion would be carried forward annually as a new encumbrance.

Again, following the reasoning in our answer to your first question, the 1981 encumbrance should be for the first year's estimated rental and the scheduled annual rental amount should be freshly encumbered year-by-year. Due to the nature of the leasehold estate herein involved there is no encumbrance lasting beyond a year.

In Attorney General Opinion MW-290 we used the term "encumbrance" in the sense that the leasehold estate was encumbered by a need to meet a rental payment. The encumbrance, however, can only be consistent with the terms of the lease. Therefore, a year-to-year lease clearly dictates a year-to-year encumbrance.

## S U M M A R Y

> The encumbrance for rental payments for the Harris County lease on the Center Pavilion Hospital is the amount of the year-by-year appropriation budgeted by the commissioners court. For the year 1980, when no rent was payable, the encumbrance would be zero. For the year 1981, the first year of rental payment liability, the encumbrance should be for the first year's estimated rental. The scheduled annual rental amount should be freshly encumbered year-by-year.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Susan Voss